J. HERBERT BATE, Appellant, v. CONTINENTAL INSURANCE COMPANY OF NEW YORK CITY and Another, Respondents.— Judgment and orders unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ.

RUDOLPH V. BAUSCH, Respondent, v. ABRAHAM D. SINGER, Appellant.— Judgment of the County Court of Queens county unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Kelby and Kapper, JJ.

LILLIAN BLATT, Respondent, v. MEYER H. BLATT, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

LAURA B. BROWN, Respondent, v. JESSIE M. OGILVIE and Another, Copartners, etc., Appellants.— Order reversed upon the law and the facts, and verdict unanimously reinstated, with costs. While this court will not generally interfere with the discretion of the trial court in setting aside a verdict and granting a new trial as against the weight of the evidence, in the present case there was concededly a question for the jury as to the liability of the defendants. There was a trial which was entirely fair to the plaintiff, and we think, upon the undisputed facts, the jury were justified in rendering the verdict in favor of the defendant. The case of *Cahill* v. *Inecto, Inc.* (208 App. Div. 191) is not in point. In that case no effort was made by the defendant to show the composition of the substance used. In the present case there was evidence to show that henna was used, and that this substance is harmless in its application to the hair. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

FRANK DEMARCO, Appellant, v. RICHARD F. LUCEY, Respondent.— Judgment and order reversed upon the law, and a new trial granted, with costs to abide the event, for error in the charge of the learned trial justice in instructing the jury that the plaintiff must satisfy them that the accident was not occasioned by his own negligence and that plaintiff's negligence was a bar to his recovery. The attempt to correct this erroneous instruction, which was reiterated during the charge, was unsatisfactory; the defendant's counsel consenting, the court told the jury to " eliminate all the words of my charge with reference to contributory negligence." We think this was not enough. The learned justice having correctly charged the jury that there was a statutory duty on the employer to furnish a safe ladder leading to the scaffold, upon defendant's exception to such charge, changed his instruction and told them as matter of law that there was no proof of any necessity for a ladder. But at most it was for the jury to say whether in view of the height of the scaffold a ladder was required, or whether the absence of a ladder caused or contributed to the accident. There was evidence that there was no room for plaintiff to get up on the scaffold by using the " horses " at either end, his fellow-workmen being in the way. Kelly, P. J., Jaycox, Manning, Kelby and Kapper, JJ., concur.